NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000125
17-OCT-2012
09:11 AM**

NO. CAAP-11-0000125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE MATTER OF
W G, RESPONSIBLE PARENT
(FC-Miscellaneous NO. 08-1-0030)

and

C C, Petitioner-Appellant,
v.
W G and CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAI'I, Respondents-Appellees
(FC-Paternity NO. 08-1-0787)


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioner-Appellant C C (Mother) appeals from two post-judgment orders entered by the Family Court of the First Circuit[1] (family court) in consolidated cases resolving custody and child support issues.  Mother seeks review of the family court decision entered in favor of Respondent-Appellee W G (Father) denying Mother's request for back child support for the time periods not covered by prior proceedings and appeals from

---

[1]  The Honorable Sherri L. Iha presided.

the November 22, 2010 "Order Denying Motion For Relief Related To Child Support Filed by [Father] on March 20, 2010 and Order Granting in Part and Denying in Part [Mother's] Motion for Relief After Judgment Or Order Filed May 6, 2010" (2010 Trial Order) and the February 2, 2011 "Order Denying Motion for Reconsideration Filed December 2, 2010."

On appeal, Mother contends:

(1) 2010 Trial Order statement #5 erroneously finds the family court adjudicated paternity at a hearing held July 23, 2009 (2009 Hearing);

(2) 2010 Trial Order statement #7 finds Father's child support obligations commenced after the 2009 Hearing adjudication of paternity;

(3) though phrased as a factual finding, 2010 Trial Order statement #9 is an erroneous conclusion of law that mistakenly attributes the award of child support on the determination of "sole physical custody"; and

(4) 2010 Trial Order statement #9 erroneously finds father voluntarily contributed to the financial support of the children though the record provides no support for such a finding.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Mother's appeal is without merit.

> The family court's FOFs are reviewed on appeal under the "clearly erroneous" standard. A FOF is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of

---

[2] Mother's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in failing to provide record references supporting each statement of fact or mention of court proceeding. Mother's counsel is warned that future violations of HRAP Rule 28(b) may result in sanctions against him.

sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

On the other hand, the family court's COLs are reviewed on appeal *de novo*, under the right/wrong standard. COLs, consequently, are "not binding upon an appellate court and are freely reviewable for their correctness."

. . . .

Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (internal citations, internal quotation marks, brackets, and ellipsis points omitted).

(1) The 2010 Trial Order statement #5 states, "[o]n July 23, 2009, the Family Court adjudicated paternity and awarded the parties joint legal and physical custody of their two minor children." Mother contends statement #5 is incorrect because paternity was not a disputed issue before the court. Father acknowledges that he signed a Voluntary Establishment of Paternity form (Acknowledgment) and does not dispute paternity for the Children.

Under Hawaii Revised Statutes (HRS) § 584-3.5(a) (2006 Repl.), a voluntary acknowledgment of paternity signed under oath at the hospital establishes paternity for unwed parents. Once paternity is established by an executed Acknowledgment, no further judicial or administrative proceeding is "required or permitted to ratify an unchallenged acknowledgment of paternity" HRS § 584-3.5(h).

Neither Mother nor Father raised the issue of paternity before the court at the 2009 Hearing. Though the December 28, 2009 "Order Re: Custody Visitation And Support Orders After Voluntary Acknowledgment Of Paternity" issued pursuant to the 2009 Hearing lists paternity as an adjudicated issue, paternity was not before the court and the 2009 Hearing did not establish paternity. The family court erred on 2010 Trial Order statement

#5, stating paternity was adjudicated. However, as will be seen in the discussion of issue (2) below, this error was harmless in that it did not prejudice Mother as to the family court's ruling on back child support.

(2) Mother contends the family court erred by incorrectly stating the law in 2010 Trial Order statement #7. 2010 Trial Order statement #7 states as follows: "Father's child support obligations commenced upon the establishment of paternity for [the Children] in FC-P No. 08-1-0787 [at the 2009 Hearing] and the [family court] is precluded from awarding back child support prior to the establishment of paternity."

Under Hawai'i law, the family court may exercise its discretion in awarding back child support prior to the entry of a judgment or order. According to HRS § 584-15(c) (2006 Repl.), "[t]he court may further order the noncustodial parent to reimburse the custodial parent . . . for reasonable expenses incurred prior to the entry of judgment, including support[.]" HRS § 584-15(c). The family court erred in stating the court was unable to award child support prior to an adjudication of paternity. In Child Support Enforcement Agency v. Roe, the Supreme Court of Hawai'i affirmed an award of back child support and concluded that father was not prejudiced by a request for back child support from birth where father had ample notice that such support was at issue before the court. Child Support Enforcement Agency v. Roe, 96 Hawai'i 1, 11-12, 25 P.3d 60, 71-72 (2001). See also, Doe v. Roe, 5 Haw. App. 558, 570, 705 P.2d 535, 545 (1985) ("Appellee became entitled to, and Appellant responsible for, current support for the child and reimbursement for past child support.") This error of the family court, however, was harmless. Despite this erroneous statement of the law in statement #7, the family court ultimately applied the proper standard in deciding back child support.

(3) Mother contends the family court erred in concluding "sole physical custody" could not be determined and

thus, prevented an award of back child support. The April 5, 2011 Findings of Facts and Conclusions of Law (2011 FOF/COL) #9 states:

> Neither party has shown that they had sole physical custody of the [Children] for any significant period that was not covered by the above orders. Based on the Credibility or lack of credibility of the parties and the witnesses that testified at this hearing the Court is unable to make a determination that either parent had sole physical Custody of [the Children] during the contested periods. It is clear from the record that both parents have played an active role in [the Children's] lives and neither has shown that they did not share joint physical custody of the children. It is also clear from the record that Father had been giving financial support to Mother throughout the [Children's] lives without an Order from the Court. The Court will not make a determination of back support for the periods not covered by the above orders.

Mother argues the family court erred in withholding back child support after finding that parents shared joint custody. The 2004 Hawai'i Child Support Guidelines (2004 Guidelines) provides guidance to the family court for awarding support in joint custody circumstances. The family court, however, may exercise discretion in awarding back child support. Under HRS § 584-15(c), "[t]he court may further order the noncustodial parent" to pay back child support. HRS § 584-15(c). Mother's argument that the 2004 Guidelines require the family court to award back support based on joint custody calculations misinterprets Hawai'i law governing the use of the 2004 Guidelines. HRS § 584-15(e) states that the court "shall use the guidelines" to determine the amount of support for "the period during which the duty of support is owed." HRS § 584-15(e). The family court was not obligated to use the 2004 Guidelines for any time periods where the family court did not establish a duty of support.

The family court did not err in considering prior custody and support. HRS § 584-15(c) states, "[t]he court may further order the noncustodial parent" to pay back child support. HRS § 584-15(c). The family court found both parents shared custody and that Father continuously financially supported the

Children, and as such, Father did not owe back child support for the contested periods.

Hawai'i law grants the family court discretion to determine what amount, if any, may be awarded as back child support. HRS § 584-15(d) states, "[t]he court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just." HRS § 584-15(d). See also, State, Child Support Enforcement Agency v. Doe, 98 Hawai'i 58, 65, 41 P.3d 720, 727 (Haw. App. 2001). The family court did not abuse its discretion in 2011 FOF/COL #9.

Mother contends the family court clearly erred in finding both parents shared joint custody of the Children during the contested periods. 2011 FOF/COL #9 states the family court weighed the credibility of the witnesses and determined both Mother and Father shared joint custody of the Children during the contested periods.

Mother cited to testimony supporting claims the Children were in her care during the contested periods. Father produced evidence to support the claim the Children were in his care or with his parents during the contested periods. At trial, the family court heard testimony from witnesses attesting to Father's care of the Children. Although Mother produced evidence to support her claim the Children were in her care, a family court determination of past custody stands when it is based on the record and not clearly erroneous, as the case here. Fisher, at 46, 137 P.3d at 360.

(4) Mother's contention that 2010 FOF/COL #9 is clearly erroneous was not argued and is therefore waived. HRAP Rule 28(b)(7).

Therefore,

IT IS HEREBY ORDERED that the November 22, 2010 "Order Denying Motion For Relief Related To Child Support Filed by [Father] on March 20, 2010 and Order Granting in Part and Denying

in Part [Mother's] Motion for Relief After Judgment Or Order Filed May 6, 2010" and the February 2, 2011 "Order Denying Motion for Reconsideration Filed December 2, 2010" entered in the Family Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, October 17, 2012.


On the briefs:

Richard J. Diehl
(Diehl & Weger)
for Petitioner-Appellant.

Elsa F.M. McGehee
Mari L. Kishimoto
(Hartley & McGehee)
for Respondent-Appellee W G.

Presiding Judge

Associate Judge

Associate Judge